# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2013

## RICHARD HERRERA v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. CC-12-CR-106   William B. Acree, Jr., Judge**

---

**No. W2012-02229-CCA-R3-PC  - Filed August 9, 2013**

---

The Petitioner, Richard Herrera, appeals the Obion County Circuit Court's summary dismissal of his petition for post-conviction relief from his 2010 convictions for sexual battery and attempted sexual battery and his effective Range I, one-year sentence. The Petitioner contends that the trial court erred by dismissing his petition on the ground that his sentence had expired. Because the trial court erred in dismissing the post-conviction petition on the ground of an expired sentence, we reverse the judgment of the trial court and remand the case for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Richard Herrera, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2010, the Petitioner was convicted by an Obion County Circuit Court jury of sexual battery, attempted sexual battery, unlawful photographing, and attempted unlawful photographing and received an effective one-year sentence. The Petitioner appealed his convictions, and this court reversed his unlawful photographing and attempted unlawful photographing convictions and affirmed his sexual battery and attempted sexual battery convictions. *State v. Richard Alexander Herrera*, No. W2010-00937-CCA-R3-CD (Tenn.

Crim. App. Sept. 23, 2011).

According to this court's previous opinion, the victim was at Walmart on July 10, 2009, when she noticed someone behind her in the aisle. She moved over, and someone grabbed her buttocks. She said the Petitioner turned toward her, pointed to something on her shirt, told her that she had something on her shirt, and moved toward her. She stepped back, but the Petitioner continued moving toward her as if he were trying to grab her breast. She said that he walked away when she continued to step back and that he never touched her chest. The victim encountered the Petitioner again at the same Walmart on August 14, 2009. She reached down to grab a box from a shelf, and the Petitioner bent down and placed his cell phone up her skirt.

The Petitioner filed a petition for post-conviction relief in the trial court, alleging that his convictions were based on the use of evidence gained pursuant to an unconstitutional search and seizure and that he was denied the effective assistance of counsel. He contended that counsel did not adequately investigate or present evidence of the Petitioner's Tourette Syndrome, improperly presented a "comparative guilt" defense, failed to present mitigating factors adequately, and failed to prepare or communicate effectively. He also contended that the judgment in Count 2 of case number CC-09-CR-112 imposed an illegal restraint on his liberty by barring him from all Tennessee Walmart stores. The court denied post-conviction relief, stating that the petition was filed on September 24, 2012, but concluding that the sentence had expired and that no issue remained. This appeal followed.

The Petitioner contends that the trial court erred by denying post-conviction relief. He argues the court erred in finding his sentence had expired because he faced possible future collateral legal consequences from the court's barring him from all Tennessee Walmart stores. The State responds that the court erroneously dismissed the petition after finding the Petitioner's sentence had expired when he filed his petition. The State asserts that the Petitioner showed he was a person in custody who may or may not have received the ineffective assistance of counsel, concedes the petition was timely, and seeks a remand for further proceedings on the merits. We agree that the Petitioner is entitled to post-conviction consideration.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2012). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A petition for post-conviction relief must be filed within one year of the final action

by the highest state appellate court to which an appeal is made or within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a) (2012). A post-conviction petition is filed when it is received by the clerk of the court. Tenn. Sup. Ct. R. 28, § 2(G). However, if the petition is filed by an incarcerated pro se petitioner, an exception applies. *Id.*

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

*Id.*

The Petitioner's convictions became final when this court filed its opinion on September 23, 2011. The petition was timely if filed on or before Monday, September 24, 2012, the 23rd being a Sunday. The Petitioner stated in his petition that it was given to prison officials for mailing on September 20, 2012. The State asserts that nothing in the record shows the date listed is incorrect. The petition was filed in the trial court on September 24, 2012. We conclude that the petition was timely filed.

In consideration of the foregoing and the record as a whole, we reverse the judgment of the trial court and remand the case to the Circuit Court for Obion County for further proceedings consistent with this opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE